IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO



Civil Action No. 05-cv-01021-OES

RACHAEL NAVARRO, and
EUGENIO NAVARRO, JR., Concerned Parent,

    Plaintiffs,

v.

DONALD GLASS - Parole Officer DOC,
TIM MALEN, Detective of LPD,
PAUL CAMPBELL - Detective of LPD,
JEFFERY SLOBBE - Detective of LPD, and
SGT. TIM PERKINS of LPD,

    Defendants.



## ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on the letter submitted by Plaintiff Eugenio A. Navarro, Jr., and filed with the Court on September 9, 2005. Mr. Navarro is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado.

Mr. Navarro initiated this action *pro se* and on behalf of his daughter, Rachael Navarro, by filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint. In a July 14, 2005, order, Magistrate Judge O. Edward Schlatter informed Mr. Navarro that he lacked standing to represent his minor daughter Rachael in this action, granted Mr. Navarro only leave to proceed pursuant to 28 U.S.C. § 1915 (Supp. 2005), required him to pay the full amount of the $250.00 filing fee in installments, and directed him to pay an initial partial filing fee of

$11.00 within thirty days or to show cause why he has no assets and no means by which to pay the designated initial partial filing fee.

The July 14, 2005, order warned Mr. Navarro that if he failed by the designated deadline to have the $11.00 initial partial filing fee sent to the clerk of the Court or to show cause why he has no assets and no means by which to pay the initial partial filing fee, the complaint would be dismissed without further notice. On July 28, 2005, Magistrate Judge Schlatter denied Mr. Navarro's request to consolidate into one filing fee the filing fees he owes in all of his actions pending before the Court. Mr. Navarro failed within the time allowed to pay the $11.00 initial partial filing fee due in this action or to show cause why he was unable to do so. Therefore, in an order filed on August 29, 2005, the Court dismissed the complaint and the action without prejudice. The reasons for the dismissal are explained in greater detail in the order filed on August 29.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. **Id.**; **see also Dalton v. First Interstate Bank**, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **Van Skiver**, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. **Van Cauwenberghe v. Biard**,

486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The order filed on August 29, 2005, dismissed the complaint and action without prejudice for Plaintiff's failure to pay the $11.00 initial partial filing fee within the time allowed. The instant motion was filed on September 9, 2005. Plaintiff has filed the motion within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). Therefore, the motion properly is filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A motion to reconsider that reiterates issues originally raised in the complaint and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). *Van Skiver*, 952 F.2d at 1244.

Upon consideration of the entire file, the Court finds and concludes that Mr. Navarro fails to demonstrate some reason why the Court should reconsider and vacate its decision to dismiss this action. Submitting an uncertified account statement long after a certified account statement was due does not convince the Court to vacate its dismissal. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the letter submitted by Plaintiff Eugenio A. Navarro, Jr., and filed

with the Court on September 9, 2005, and which the Court has construed liberally as filed pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this 23 day of Sept , 2005.

BY THE COURT:

*signature*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01021-OES

Eugenio A. Navarro, Jr.
Prisoner No. 83708
Arkansas Valley Corr. Facility
PO Box 1000 – Unit 2
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/26/05

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk